IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Whitesell Funeral Home, Inc., | ) | C/A No.: 0:15-4237-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Bryant-Grant Funeral Home, LLC, | ) | |
| Wayne Bryson, Diane Moss, Denise | ) | |
| Williams, and Trisha Bigham, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Whitesell Funeral Home, Inc. ("Plaintiff") brought this interpleader action on October 15, 2015, concerning a life insurance Policy No. 400339976 (the "Policy") issued to Sanford Bryson ("Decedent") in the amount of $6,000. [ECF No. 1-2 at 2]. Plaintiff contends that defendants Bryant-Grant Funeral Home, LLC ("Funeral Home"), Wayne Bryson ("Son Bryson"), Diane Moss ("Daughter Moss"), Denise Williams ("Daughter Williams"), and Trisha Bigham ("Daughter Bigham") (collectively "Defendants") all have or may have claims to the funds. Plaintiff filed a motion pursuant to Fed. R. Civ. P. 67 to deposit proceeds of the Policy into the court and to be relieved of liability in this action. [ECF No. 6]. No party filed a response in opposition to the motion. The court granted the motion and ordered that the Clerk of Court accept the insurance funds into the court's registry for ultimate disposition by court order. [ECF No. 13].

I.    Factual Allegations

The complaint alleges the following facts:  Son Bryson and Daughter Moss are children from Decedent's first marriage. Daughter Williams and Daughter Bigham are children from Decedent's second marriage to Blanche Bryson ("Blanche"). Plaintiff's owner and operator, Steven A. Whitesell ("Whitesell") was friends with Decedent. Decedent and Blanche attended the Church of Jesus Christ of Latter Day Saints in Rock Hill, South Carolina (the "Mormon Church").

On or about December 30, 2006, Blanche died and was buried by Plaintiff in a cemetery in Rock Hill affiliated with the Catawba Indian Nation with the funeral service comporting with the rituals and traditions of the Mormon Church. Thereafter, Decedent obtained the Policy.  In 2008, Daughter Williams took Decedent to Plaintiff to meet with Whitesell. At this meeting, Decedent: (i) expressed his desire to be buried by Plaintiff beside Blanche in the cemetery affiliated with the Catawba Indian Nation in Rock Hill; (ii) expressed his desire to have funeral services and a burial that comported with the rituals and traditions of the Mormon Church; (iii) expressed his concern that Son Bryson would not use the proceeds of the Policy to provide the funeral services and burial he desired, and (iv) asked Whitesell to help him ensure that he would receive the funeral services and burial he desired. Daughter Williams drafted a letter regarding the 2008 meeting. [ECF No. 1-1]. Decedent named Plaintiff as the beneficiary of the life insurance policy. [ECF No. 1-2].

Decedent's health declined and he eventually became incapacitated. Before and after his incapacitation, Decedent was cared for in Rock Hill by a caretaker, Martha Ann

("Caretaker"), who married Son Bryson. [ECF No. 1 at 3–4]. In 2010, Son Bryson and Caretaker moved Decedent to a nursing home in North Carolina. Decedent died on January 23, 2014. *Id*. at 4.

Son Bryson and/or Caretaker assert that before he died, Decedent told them: (i) he did not want to be buried beside Blanche in the Rock Hill cemetery affiliated with the Catawba Indian Nation; (ii) he did not want to receive funeral services and a burial that comported with the rituals and traditions of the Mormon Church; (iii) he wanted to receive a funeral service and a burial that comported with the rituals and traditions of Son Bryson's Baptist Church; and (iv) he wanted to be buried beside his parents and his twin brother in Pine Mountain, Georgia. *Id*. However, Decedent did not remove Plaintiff as the beneficiary on the insurance policy, and neither Son Bryson nor Caretaker informed Plaintiff that Decedent did not wish to be buried in South Carolina. *Id*.

On or about January 27, 2014, Defendant Funeral Home in North Carolina provided funeral services and a burial for Decedent that comported with the rituals and traditions of Son Bryson's Baptist Church in either North Carolina or Georgia. *Id*. The complaint alleges that Defendant Funeral Home received partial payment for Decedent's funeral and burial from an insurance policy held by Daughter Moss. *Id*. at 5. Son Bryson disputes that Daughter Moss maintained a burial policy for Decedent, but attaches a statement from Defendant Funeral Home reflecting a $100.00 payment made by Yellow Mountain Adult Women (Son Bryson's wife's Sunday School class), two payments made by Decedent's sister Doris Tallent totaling $300.00, and a payment of $2,254.94 from a life insurance policy at Continental Tire, where Decedent had once been employed.

[ECF Nos. 19-1 at 2; 19-2 at 6]. No probate estate appears to have been opened for Decedent. [ECF No. 1 at 5].

Plaintiff filed a claim and received the proceeds of the Policy and preserved these proceeds. [ECF No. 1-3]. Plaintiff claimed no interest in the proceeds of the Policy. Based upon the facts set forth above and based upon the potential conflicting claims of Defendants, Plaintiff filed this interpleader action to have the court determine which Defendant or Defendants are entitled to the proceeds of the insurance policy.

II.    Discussion

In light of the absence of any answer having been filed in this case, the court directed Defendants to answer Court Interrogatories identifying their relationship to the Decedent and whether they claimed an interest in the funds from the Policy.  The court received the following claims:

1)    Trisha A. Bigham asserts she is a daughter of the Decedent and asserts a claim to the funds. [ECF No. 17]

2)    Denise Bryson Williams asserts she is a daughter of the Decedent and asserts a claim to the funds. [ECF No. 18]

3)    Wayne Bryson asserts he is a son of the Decedent and asserts a claim to the funds. [ECF No. 19].  Wayne Bryson disputes the marriage of Decedent and Myrtle Blanche Harris. [ECF No. 19-1 at 1]. He argues that their marriage certificate dated May 3, 1958, is allegedly void because at the time of the marriage certificate, the Decedent was still married to Fannie Jane Watson Bryson, from whom he did not obtain a divorce decree until May 26, 1981. *Id.* He alleges that "there is a possibility the adoptions of

Denise Williams (Blanche's biological granddaughter) and Trisha Bigham (Blanche's biological greatgranddaughter) may be in question since the marriage was not legal and the adoptions were done as Blanche's husband." *Id.*

Having received the foregoing claims to the funds, the undersigned recommends the presiding District Judge distribute the funds from the Policy in equal parts to those individuals claiming an interest in the Policy funds, to wit:

1)    Trisha A. Bigham: $2,000

2)    Denise Bryson Williams: $2,000

3)    Wayne Bryson: $2,000.

Further, the undersigned recommends the court grant Plaintiff's request to be dismissed from this action.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

November 22, 2016                               Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).