IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Whitesell Funeral Home, Inc., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 0:15-cv-4237-TLW |
| v. ) | |
| ) | |
| Bryant-Grant Funeral Home, Wayne ) | **AMENDED ORDER** |
| Bryson, Diane Moss, Denise Williams, ) | |
| and Trisha Bigham, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Whitesell Funeral Home, Inc., ("Plaintiff") brought this interpleader action on October 15, 2015, claiming it did not have an interest in the proceeds of a life insurance policy that it received, Policy No. 400339976 (the "Policy"). ECF No. 1. Plaintiff asserted in the action that Defendants Bryant-Grant Funeral Home, LLC, Wayne Bryson ("Wayne"), Diane Moss ("Moss"), Denise Williams ("Williams"), and Trisha Bigham ("Bigham") (collectively "Defendants") all have or may have claims to the funds. *Id.* On November 15, 2015, Plaintiff filed a Motion to deposit the Policy proceeds into the court, ECF No. 6, which was granted by Order on May 5, 2016, ECF No. 13. In that Order, Defendants were directed to respond to interrogatories by June 6, 2016, and advised that failure to return the completed interrogatory form would result in a recommendation that they not receive any of the Policy funds.[1] *Id.* Despite

---

[1] Defendant Moss was personally served with the Summons and Complaint on November 20, 2015, ECF No. 10, and was sent the May 5, 2016 Order advising her that failure to respond would result in a recommendation that she not receive any portion of the policy funds, ECF No. 13. The record reflects that Moss never appeared in the case, filed an Answer, submitted completed interrogatories to the Court, or responded to the May 5, 2016 Order.

the Court's instructions, only Defendants Wayne, Williams, and Bigham responded claiming an interest in the funds. ECF Nos. 17-19.[2]

This matter now comes before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Shiva V. Hodges, to whom this case had previously been assigned. ECF No. 21. In the Report, the Magistrate Judge recommends that the funds be distributed equally to Defendants Wayne, Williams, and Bigham. *Id.* The Report also recommends that the Court grant Plaintiff's request to be dismissed from this action. *Id.* Objections to the Report were due on December 9, 2016, however, there were no objections filed by any party to the case. This matter is now ripe for disposition.

This Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that Report. 28 U.S.C. § 636. In the absence of objections to the Report, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The Court has carefully reviewed the Report and relevant filings, and notes that no answers to the complaint or objections to the Report have been filed in this case.[3] For the reasons articulated by the Magistrate Judge, it is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation, ECF No. 21, is **ACCEPTED**. Plaintiff Whitesell Funeral Home, Inc. is

---

[2] Defendant Bryant-Grant Funeral Home responded claiming no interest in the funds and requesting that it be dismissed from the action. ECF No. 20.

[3] The Court has carefully reviewed the filings in this case and concludes that the Decedent's marital status has no impact on the issue of whether the Court should distribute the funds in accordance with the Report.

hereby **DISMISSED** and the Policy funds are directed to be distributed consistent with this Order.[4]

    **IT IS SO ORDERED.**

                                                                             *Terry L. Wooten*
                                                         Chief United States District Judge

January 5, 2017
Columbia, South Carolina

---

[4] The interest that has accrued on the funds should be distributed equally between Defendants Wayne, Williams, and Bigham.